J-S10004-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RICHARD ANTHONY ZIFF | : | |
| | : | |
| Appellant | : | No. 1154 MDA 2021 |

Appeal from the Judgment of Sentence Entered August 10, 2021
In the Court of Common Pleas of Schuylkill County
Criminal Division at No CP-54-CR-0000883-2020

BEFORE:   MURRAY, J., McLAUGHLIN, J., and COLINS, J.[*]

MEMORANDUM BY MURRAY, J.:                    **FILED APRIL 01, 2022**

Richard Anthony Ziff (Appellant) appeals from the judgment of sentence imposed after a jury convicted him of two counts of failure to comply with the requirements of Pennsylvania's Sexual Offender Registration and Notification Act (SORNA), 42 Pa.C.S.A. §§ 9799.10-9799.42.  The jury found Appellant guilty of failing to register with the Pennsylvania State Police, 18 Pa.C.S.A. § 4915.2(a)(1), and failing to provide accurate registration information, 18 Pa.C.S.A. § 4915.2(a)(3).  Relying on the Pennsylvania Supreme Court's recent decision in ***Commonwealth v. Santana***, 266 A.3d 528 (Pa. 2021), Appellant argues his convictions violate the *ex post facto* clauses of the United States and Pennsylvania Constitutions.  After careful consideration, we agree.

The trial court explained,

---

[*] Retired Senior Judge assigned to the Superior Court.

[Appellant] was charged with one count of Failure to Register with the Pennsylvania State Police; 18 Pa.C.S. § 4915.2(a)(1), and one count of Failure to Provide Accurate Registration Information, 18 Pa.C.S. § 4915.2(a)(3). On May 27, 1994, [Appellant] pled guilty in the New Jersey Superior Court . . . to Sexual Assault of a Minor, pursuant to N.J.S.A. 2C:14-2b, for an offense that was committed by [Appellant] on or about January 1, 1991. The New Jersey Superior Court sentenced [Appellant] to eight (8) years' incarceration in a New Jersey state prison. [Appellant] committed his New Jersey offense prior to the enactment of [SORNA]. However, [Appellant] was later required to register in New Jersey as a sexual offender for a lifetime period [in accordance with New Jersey law].

On or about May 8, 2018, [Appellant] relocated to Shenandoah, Pennsylvania, from the State of Florida. Prior to the relocation, [Appellant] was required to register as a sexual offender in Florida. [Appellant] completed his initial registration with the Pennsylvania State Police ("PSP") on May 17, 2018. Since that time, [Appellant] executed additional PSP Sexual Offender Registration forms, in which he acknowledged that he was required to register as a sexual offender, that he had to report new employment within three (3) business days, and that failure to provide complete and accurate information when registering would subject him to arrest and felony prosecution pursuant to pursuant to 18 Pa.C.S. § 4915.1 and 4915.2. On or about May 16, 2020, [Appellant] submitted a "Change of Information Update Form – Covid-19" to the PSP, in which he reported that he became employed by Lee's Oriental Gourmet Foods, Inc., . . . on April 1, 2019. As a result, the PSP Megan's Law Section contacted the Shenandoah Police Department to request that an investigation be initiated to determine if [Appellant] had failed to comply with SORNA's reporting requirements. Officer Leo Luciani of the Shenandoah Police Department investigated [Appellant's] unreported employment, and as part of this investigation, he obtained employment records from Lee's Oriental Gourmet Foods, Inc. These records demonstrate that [Appellant] began employment at Lee's Oriental Gourmet Foods, Inc. on February 20, 2020. [Appellant's] employment ended on May 21, 2020.

After a jury trial was held on June 14, 2021, [Appellant] was found guilty of both offenses. On August 10, 2021, [the trial c]ourt sentenced [Appellant] to six (6) to twelve (12) years' incarceration in a State Correctional Institution on Count 1 –

Failure to Register with PSP. [The court] imposed a concurrent sentence of 6 to 12 years' incarceration on Count 2 – Failure to Provide Accurate Registration Information.

Trial Court Opinion, 10/20/21, at 1-2 (footnotes omitted).

On August 19, 2021, Appellant filed a timely post-sentence motion seeking to vacate his sentence. Appellant argued that retroactive application of SORNA's registration requirements in this case violated the *ex post facto* clauses of the United States and Pennsylvania Constitutions. Accordingly, Appellant asserted that he was not subject to SORNA, and his 2021 convictions were improper. The trial court denied the motion, relying on the Pennsylvania Supreme Court's decisions in **Commonwealth v. Lacombe**, 234 A.3d 602 (Pa. 2020), and **T.S. v. Pennsylvania State Police**, 241 A.3d 1091 (Pa. 2020). **See** Trial Court Opinion, 10/20/21, at 7. In **Lacombe**, the Court determined Subchapter I of SORNA (requiring registration by sex offenders convicted after April 22, 1996 and before December 20, 2012) was not punitive and constitutional. In **T.S.**, the Court reversed the order of the Commonwealth Court based on **Lacombe**.

Here, although Appellant was convicted in 1994 — before April 22, 1996 — the trial court concluded:

In **Lacombe**, our [Supreme] Court already determined that Subchapter I [of SORNA] does not constitute criminal punishment and is not an *ex post facto* law. Additionally, through Court Order, our Supreme Court reversed the Commonwealth Court's determination in [**T.S.**] that the application of Subchapter I to individuals who committed, were convicted of, and were sentenced on sexual offenses prior to the existence of a registration or notification requirement was punitive and an *ex*

- 3 -

*post facto* law.  As such, we find that the retroactive application of Subchapter I to [Appellant] is not unconstitutional.

**Id**. at 7-8 (citations omitted).

Appellant timely appealed.  Both Appellant and the trial court have complied with Pa.R.A.P. 1925.  Appellant presents the following question for review:

Are the registration requirements of SORNA applicable to a defendant who was convicted of a sexual offense prior to the enactment of Megan's Law or any sexual offender registration requirement?

Appellant's Brief at 4.

As both parties recognize, the Pennsylvania Supreme Court decided **Santana** during the pendency of this appeal.[1]  "[A] party whose case is pending on direct appeal is entitled to the benefit of changes in the law which occur before the judgment becomes final."  **Commonwealth v. Chesney**, 196 A.3d 253, 257 (Pa. Super. 2018) (citations omitted).  Notably, the

_____

[1] However, prior to Appellant's trial and sentencing, the Pennsylvania Supreme Court, on April 12, 2021, granted allowance of appeal of this Court's *en banc* decision in **Santana**, discussed *infra,* where we determined that the defendant was "impermissibly penalized . . . under SORNA's registration requirement for a crime that pre-dated SORNA by 30 years."  **Commonwealth v. Santana**, 241 A.3d 660, 670 (Pa. Super. 2020) (*en banc*).  We concluded that the *ex post facto* clause "forbids this state action[, and the defendant's] registration requirement under SORNA was an after-the-fact punishment and, therefore, unconstitutional."  **Id.**  We held the defendant "had no duty to comply with th[e registration] requirements and his conviction for ignoring them, under 18 Pa.C.S.A. § 4915.1(a)(3), was a manifest injustice and must be overturned."  **Id.**

Commonwealth states it "is constrained to recognize that an *ex post facto* violation did occur in the instant matter." Commonwealth Brief at 5.

The Pennsylvania Supreme Court decided **Santana** on December 22, 2021. The Court held that its decision in **Commonwealth v. Muniz**, 164 A.3d 1189, 1193 (Pa. 2017) — finding SORNA to be an *ex post facto* constitutional violation when imposed retroactively to sex offenders who committed offenses prior to SORNA's enactment — applied "with equal force to offenders whose triggering offenses occurred in another state." **Santana**, 266 A.3d at 529–30.

In 1983, the defendant in **Santana** was convicted of rape in New York. At that time, neither Pennsylvania nor New York had a sexual offender registration law. **Id**. at 530.

> However, as time passed—and prompted by federal law—states began enacting statutory schemes aimed at monitoring sexual offenders by requiring them to comply with strict registration and notification requirements. In 1995, New York passed the "Sex Offender Registration Act" ("SORA"), which became effective in January 1996. **Pennsylvania followed suit, enacting the first version of Megan's Law in 1995**.
>
> Like Megan's Law and SORNA, New York's SORA applied retroactively, enveloping, among others, those offenders who had been convicted of certain triggering offenses (including rape) and who were on probation or parole at the time of its enactment. [The defendant] met these criteria. Because [he] was designated a level three offender, he was required to comply with SORA's terms and conditions for the remainder of his life.

**Santana**, 266 A.3d at 530–31 (emphasis added).

In 2015, the defendant relocated from New York to Pennsylvania and immediately complied with SORNA. Eventually, PSP learned that he failed to report certain contact and employment information. *Id*. at 531. As a result, the Commonwealth charged the defendant with failure to provide accurate information under 18 Pa.C.S.A. § 4915.1(a)(3), to which he pled guilty. *Id*. The day after the court sentenced the defendant, the Pennsylvania Supreme Court decided *Muniz*. The defendant then filed a motion to withdraw his plea, arguing that retroactive application of SORNA to his 1983 New York conviction was unconstitutional. The trial court denied the motion and the defendant appealed.

An *en banc* panel of this Court reversed. We concluded that the trial court improperly focused on the "locality and not chronology" of SORNA's registration requirement. *Commonwealth v. Santana*, 241 A.3d 660, 662 (Pa. Super. 2020) (*en banc*). We stated that under *Muniz*, "Pennsylvania could not apply SORNA to [the defendant] if he had committed his 1983 crime in this Commonwealth. Likewise, it may not apply SORNA to the 1983 crime he committed outside this Commonwealth." *Id*. at 669. The *ex post facto* clauses of both of the United States and Pennsylvania Constitutions "do not focus on **where** crimes occurred; they focus on when crimes occurred." *Id*. (emphasis in original). We reasoned that an individual "has as much of a constitutional right to be free from *ex post facto* laws that penalize him for pre-existing crimes that occurred outside this Commonwealth as he does from

- 6 -

*ex post facto* laws that penalize him for pre-existing crimes that occurred inside this Commonwealth." *Id*.

On April 21, 2021, the Pennsylvania Supreme Court granted the Commonwealth's petition for allowance of appeal. In affirming this Court, the Supreme Court explained the framework for determining whether a law is *ex post facto*:

> First, a court must ask when the initial offense was committed. Second, the court must ask whether the challenged law was enacted after the occurrence of the triggering offense and was then applied retroactively. If so, the final question is whether that retroactive law is punitive or increases the penalty for the existing crime.

*Santana*, 266 A.3d at 537. Regarding "a law that changes the punishment, and inflicts a greater punishment, than the law annexed to the crime," the Supreme Court observed that the "relevant comparative date" is "the date upon which the offender committed the offense." *Id*. (citing *Calder v. Bull*, 3 U.S. 386, 390, 1 L. Ed. 648 (1798)).

The Supreme Court further opined,

> [o]bviously, SORNA is being applied retroactively. All that remains is the question of whether SORNA is punitive. In 1983, there were no sexual offender registration laws in New York or in Pennsylvania, and, thus, [the defendant] faced no punishment beyond his imposed sentence. The same cannot be said for 2015. Because rape is classified under SORNA as a Tier III offense, Santana was subjected to the same SORNA requirements as was Muniz. We already have ruled in *Muniz* that those requirements are punitive in nature.

*Santana*, 266 A.3d at 538.

The Court concluded:

- 7 -

> SORNA's application to [the defendant] is an *ex post facto* law. Indeed, a comparison of the correct dates in this case — 1983 and 2015 — reveals a dramatic increase in the punishment imposed upon [the defendant]. He went from no punishment arising under a sexual offender registration scheme to being subjected to a patently punitive statutory scheme. Because that punishment was inflicted retroactively to his 1983 offense, it was unconstitutional.

***Id***. at 539.[2]

Like the defendant in ***Santana***, Appellant committed his offense (in 1991), prior to Pennsylvania enacting a sexual registration law. ***See id.*** at 530 (observing that Pennsylvania enacted the first version of Megan's Law in 1995). On June 14, 2021, a jury convicted Appellant of two first-degree felonies for failing to comply with SORNA's registration requirements. The jury found Appellant guilty of failing to register with the PSP and failing to

---

[2] Consistent with ***Santana***, this Court issued an unpublished decision in ***Commonwealth v. Dreakford***, 249 A.3d 1139 (Pa. Super. Ct. 2021) (*en banc*) (Table), ***appeal denied***, 68 WAL 2021 (Pa. Mar. 14, 2022). In ***Dreakford***, the appellant was convicted of rape in 1996. We explained:

> At the time of his conviction, Pennsylvania had enacted non-punitive registration requirements for those convicted of certain sexually violent crimes, including Rape. In 2012, however, the General Assembly enacted SORNA, a constitutionally punitive regime. Because [a]ppellant's crime preceded the effective date of SORNA, the Commonwealth could not apply SORNA's provisions retroactively to him. Thus, because [a]ppellant could not be subject to SORNA's registration requirements, the Commonwealth could not hold [him] criminally liable for violating Section 4915 of the Crimes Code.

***Id.*** (footnotes omitted).

provide accurate registration information under subsections (1) and (3), as follows:

> **(a)** **Offense defined.--**An individual who is subject to registration under 42 Pa.C.S. § 9799.55(a), (a.1) or (b) (relating to registration) or who was subject to registration under former 42 Pa.C.S. § 9793 (relating to registration of certain offenders for ten years) commits an offense if the individual knowingly fails to:
>
> (1) register with the Pennsylvania State Police as required under 42 Pa.C.S. § 9799.56 (relating to registration procedures and applicability);
>
> (2) verify the individual's residence or be photographed as required under 42 Pa.C.S. § 9799.60 (relating to verification of residence); or
>
> (3) provide accurate information when registering under 42 Pa.C.S. § 9799.56 or verifying a residence under 42 Pa.C.S. § 9799.60.

18 Pa.C.S.A. § 4915.2(a).

The statute further addresses applicability, stating,

> **(f) Applicability.—**This section applies to:
>
> (1) An individual who committed an offense set forth in 42 Pa.C.S. § 9799.55 on or after April 22, 1996, but before December 20, 2012, and whose period of registration under 42 Pa.C.S. § 9799.55 has not expired.
>
> (2) An individual who was required to register with the Pennsylvania State Police under a former sexual offender registration law of this Commonwealth on or after April 22, 1996, but before December 20, 2012, whose period of registration has not expired.
>
> (3) An individual who, before February 21, 2018:

> (i) commits an offense subject to 42 Pa.C.S. Ch. 97 Subch. H (relating to registration of sexual offenders); but
>
> (ii) because of a judicial determination on or after February 21, 2018, of the invalidity of 42 Pa.C.S. Ch. 97 Subch. H, is not subject to registration as a sexual offender.

18 Pa.C.S.A. § 4915.2(f) (footnote omitted).

The Pennsylvania General Assembly amended SORNA by enacting Act 10 on February 21, 2018, and Act 29 on June 12, 2018. *See* Act of Feb. 21, 2018, P.L. 27, No. 10 (Act 10); Act of June 12, 2018, P.L. 140, No. 29 (Act 29). SORNA now divides sex offenders into two subchapters: (1) Subchapter H, which applies to someone who committed a sexually violent offense on or after December 20, 2012 (the date SORNA I became effective); and (2) Subchapter I, which applies to someone who committed a sexually violent offense on or after April 22, 1996, but before December 20, 2012, whose period of registration has not expired, or whose registration requirements under a former sexual offender registration law have not expired. **Neither subchapter applies to Appellant, who committed his offense in 1991.**

Accordingly, Appellant's convictions under 18 Pa.C.S.A. § 4915.2(a) were illegal. We are therefore constrained to reverse the convictions and vacate the judgment of sentence.

Convictions reversed. Judgment of sentence vacated. Appellant discharged. Superior Court jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 04/01/2022